UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARK BENNETT,

                **Plaintiff,**

v.

                                            17-CV-1330V(Sr)

ALLEGHENY TECHNOLOGIES, INC.,

                **Defendant.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #6.

Plaintiff commenced this action by filing a complaint in New York State Supreme Court, County of Erie, on December 1, 2017. Dkt. #1. Defendant, Allegheny Technologies, Inc., ("ATI"), removed the action based on diversity of citizenship in accordance with 28 U.S.C. § 1441(b). Dkt. #1.

Plaintiff's complaint alleges that on November 17, 2015, he was performing work for Strom Engineering Corporation in the furnace room of ATI's production facility in Lockport, New York, when one of ATI's managers instructed him to open a furnace valve that was connected to a pipe containing scalding hot liquid. Dkt. #1-2. When plaintiff complied with the instructions and opened the valve, he sustained severe, disfiguring and permanent burns and nerve injury to a substantial portion of his body. Dkt. #1-2.

ATI answered plaintiff's complaint on January 2, 2018. Dkt. #4.

On January 16, 2018, ATI commenced a third-party action against Strom Engineering Corporation ("Strom"), alleging that ATI and Strom were parties to a service agreement wherein Strom provided temporary employment services to ATI, including at the Lockport, New York facility. Dkt. #8. ATI alleges that the agreement provides that Strom will indemnify ATI for any willful misconduct or negligence by Strom. Dkt. #8. ATI alleges that the injuries sustained by plaintiff were caused by Strom's failure to comply with the Occupational Health and Safety Act ("OSHA"), and/or Strom's negligent or willful misconduct. Dkt. #8.

On March 14, 2018, Strom answered the third-party complaint and asserted a counterclaim seeking, *inter alia*, a declaratory judgment that ATI is obligated to indemnify Strom pursuant to the service agreement and common law. Dkt. #18. Strom alleges that ATI directed and supervised plaintiff at the Lockport facility and that ATI's investigation of the accident did not reveal that Strom caused or contributed to plaintiff's injuries. Dkt. #18.

Currently before the Court is ATI's motion to amend its answer to assert as an affirmative defense that plaintiff's sole and exclusive remedy is that provided by the Workers' Compensation Law of New York (Dkt. #35), and plaintiff's motion to amend his complaint to add TDY Industries, LLC, as a defendant. Dkt. #37.

## DISCUSSION AND ANALYSIS

<u>Complaint</u>

Plaintiff's proposed amended complaint seeks to add TDY Industries, LLC, as a defendant in this action, and to allow the claims against TDY to relate back to the filing of the original complaint for statute of limitations purposes. Dkt. #37-9. The proposed amended complaint alleges that TDY is a wholly owned subsidiary of ATI and does business under the name ATI Specialty Materials, operating under the direct supervision and control of ATI. Dkt. #37-9, ¶¶ 6 & 7. The proposed amended complaint alleges that the manager who instructed plaintiff to open a furnace valve that was connected to a pipe containing scalding hot liquid was employed by TDY and working under the direction of ATI pursuant to the terms of the service agreement between ATI and Strom. Dkt. #37-9, ¶ 12.

In support of his motion, plaintiff argues that ATI's interrogatory responses attempt to distinguish ATI from it's affiliates and subsidiaries, claiming plaintiff was a general employee of Strom and the "special employee of TDY Industries LLC d/b/a ATI Specalty Materials." Dkt. #35-2, p.22 & Dkt. #37-1, p.3 & 37-8. Thus, although plaintiff continues to believe that ATI is a proper party to this case, plaintiff argues that it is necessary to add TDY as a party to further explore the relationship and interaction between ATI and TDY. Dkt. #37-1, p.4. Plaintiff argues that TDY was on notice of this action given that they do business as ATI, they share the same principal office address, and, according to ATI, the ATI employees referenced in the complaint are TDY employees. Dkt. #37-1, p.6. Moreover, plaintiff notes that TDY is an additional insured under ATI's insurance policy. Dkt. #37-2, p.5.

ATI responds that plaintiff has not shown that TDY received notice of the action. Dkt. #39, p.2.

Plaintiff replies that ATI does not dispute that TDY received notice of the lawsuit and submits its affidavit of service of the complaint upon Greg Romanowski, who ATI has identified as an employee of TDY, as evidenced by his W-2 statement. Dkt. #42, ¶ 4. In any event, plaintiff asserts that because TDY is a wholly owned subsidiary of ATI, sharing principal offices, website, insurance coverage, it is clear that these entities are inextricably intertwined, such that notice to one entity is tantamount to notice to both. Dkt. #42, ¶¶ 5-6.

Fed. R. Civ. P. 21 provides that "the court may at any time, on just terms, add . . . a party." In deciding whether to permit the addition of defendants, courts apply the same standard of liberality afforded to motions to amend pleadings under Rule 15. *Addison v. Reitman Blacktop, Inc*., 283 F.R.D. 74, 79 (E.D.N.Y. 2011). Fed. R. Civ. P. 15(a) provides that a party may amend a pleading with the opposing party's written consent or the court's leave, which is to be given freely when justice so requires. Leave to amend should be granted unless the party seeking leave has acted in bad faith, there has been an undue delay in seeking leave, there will be unfair prejudice to the opposing party if leave is granted, or the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *State Teachers Ret. Bd. v. Fluor Corp*., 654 F.2d 843, 856 (2d Cir. 1981); Fed. R. Civ. P.15(a). An amendment is futile if it cannot survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Parker v. Columbia Pictures Indus*., 204 F.3d 326, 339 (2d Cir. 2000).

Pursuant to Rule 15(c)(1) of the Federal Rules of Civil Procedure, a plaintiff may amend his complaint to add a defendant after the expiration of the statute of limitations[1] and his claims will be deemed to relate back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading;
>
> or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits;
> >
> > and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The claim against TDY is the same claim as that against ATI. Given that the complaint was served upon Greg Romanowski, who has been identified as an employee of TDY, timely notice has been provided to TDY. With respect to (ii), ATI has

---

[1] New York provides a three-year statute of limitations for personal injury actions. N.Y.C.P.L.R. § 214(5).

alerted plaintiff that a mistake has been made as to the identify of the party that employed the individual who instructed plaintiff to open the valve that caused his injury. Thus, TDY understands that the action would have been brought against it absent plaintiff's mistake. Although the Court notes that there is a split of authority within the Second Circuit as to whether relation back pursuant to Rule 15(c)(1)(C) is allowed for amendments adding, rather than substituting, a party, *See Briggs v. County of Monroe,* 215 F. Supp.3d 213, 217 (W.D.N.Y. 2016), it is the opinion of the undersigned that such an amendment should be permitted so as to avoid a situation where discovery proceeds to the point where it is factually determined that TDY employed the individual who instructed plaintiff to open the valve that caused his injury and the motion to substitute that party is brought at the close of discovery, prompting claims of prejudice. As a practical matter, the claim against TDY is the same claim as that against ATI and, as the wholly owned subsidiary of ATI, TDY will share the same defenses to the allegations asserted in the complaint as ATI. Accordingly, the motion to amend the complaint to add TDY as a defendant is granted.

**Answer**

The proposed affirmative defense asserts that plaintiff's sole and exclusive remedy is that provided by the Workers' Compensation Law of New York. Dkt. #35-2, p.38.

In support of its motion to amend the answer, ATI asserts that it seeks to engage in alternative pleading by adding an affirmative defense under New York's

Workers' Compensation Law in the event that it is determined that ATI supervised and controlled plaintiff so as to make it a special employer of plaintiff or in the event that it is determined that ATI and TDY are not separate entities should TDY be determined a special employer of plaintiff. Dkt. #35. ATI further asserts that it's amendment would cause no prejudice, as depositions have not yet been conducted. Dkt. #35-1, ¶ 23 & Dkt. #35-3, p.3.

Plaintiff responds that leave to amend should be denied because ATI has asserted in its answer and discovery responses that it is not plaintiff's employer. Dkt. #40, pp.1-2.

ATI replies that although it denies the allegations, should a fact-finder agree with the allegations in plaintiff's complaint that ATI managers instructed plaintiff to open a furnace connected to a pipe which contained scalding liquid, such a finding could provide a basis for ATI to assert the workers' compensation defense. Dkt. #41, p.2

In determining what constitutes prejudice for purposes of a motion to amend, the Court considers "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). In as much as the question of supervisory responsibility over plaintiff has been an issue since the inception of this litigation and

depositions have yet to be conducted, amendment of the answer to include the affirmative defense of workers' compensation will not cause legal prejudice to plaintiff. Moreover, there is a potential factual basis for such a defense. "Where a parent and subsidiary corporation function as alter egos for one another, more than one entity may be considered a plaintiff's employer for purposes of workers' compensation." *Coonjbeharry v. Altone Elec*., LLC, 94 A.D.3d 1306, 1307 (3rd Dep't 2012). Moreover, it is possible that, if ATI is determined to have assumed the liability of TDY, it could inherit the immunity TDY possesses should TDY be deemed a special employer of plaintiff. *Kubiszyn v. Terex Div. of Terex Corp*., 212 A.D.2d 93, 96-97 (4th Dep't), *lv. denied*, 86 N.Y.2d 711 (1995). Accordingly, ATI's motion to amend it's answer is granted.

**SO ORDERED.**

DATED:     Buffalo, New York
           March 31, 2020

                                                **s/ H. Kenneth Schroeder, Jr.**
                                                **H. KENNETH SCHROEDER, JR.**
                                                **United States Magistrate Judge**